```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


------------------------------------x
JOSEPH SNIEZAK, Individually and on  :
Behalf of All Other Persons Similarly :
Situated,                            :
                                     :
               Plaintiff,            :
                                     :
v.                                   : Civ. No. 13cv1479 (AWT)
                                     :
ACHILLION PHARMACEUTICALS, INC.,     :
MICHAEL D. KISHBAUCH, MILIND S.      :
DESHPANDE, and MARY KAY FENTON,      :
                                     :
               Defendants.           :
-------------------------------------:
KEVIN JIANG, Individually and on     :
Behalf of All Other Persons Similarly :
Situated,                            :
                                     :
               Plaintiff,            :
                                     :
v.                                   : Civ. No. 13cv1543 (AWT)
                                     :
ACHILLION PHARMACEUTICALS, INC.,     :
MICHAEL D. KISHBAUCH, MILIND S.      :
DESHPANDE, and MARY KAY FENTON,      :
                                     :
               Defendants.           :
-------------------------------------:
```

**ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING
LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL**

The Motion by Herman Bomback and Jose Garcia, Jr. for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Counsel (Doc. No. 25 in case no. 13cv1479) is hereby GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1

**I.  CONSOLIDATION**

  1. Pursuant to Federal Civil Procedure Rule 42, the above-captioned actions are hereby consolidated for all purposes into one action.

  2. These actions shall be referred to herein as the "Consolidated Actions." This order shall apply to the Consolidated Actions and to each case that is subsequently filed in this court that asserts substantially the same claims as are asserted in the Consolidated Actions.

  3. Every pleading in the Consolidated Actions shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------x
                                     :
IN RE ACHILLION PHARMACEUTICALS, INC.:  Civil No. 13cv1479 (AWT)
SECURITIES LITIGATION                :
                                     :
-------------------------------------x  Class Action
                                     :
THIS DOCUMENT RELATES TO:            :
                                     :
                                     :
-------------------------------------x
```

**[TITLE OF DOCUMENT]**

  4. The procedures set forth in the Clerk's Notice to Counsel Re: Consolidation shall govern the procedural aspects of the consolidation.

**II. NEWLY-FILED OR TRANSFERRED ACTIONS**

5. When a case that asserts substantially the same claims as are asserted in the Consolidated Actions is hereafter filed in this court or transferred to this court from another court, the Clerk shall:

>    a. file a copy of this order on the separate docket for such action;
>
>    b. mail a copy of this order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and
>
>    c. make the appropriate entry on the docket for this action.

6. Each new case which asserts substantially the same claims as are asserted in the Consolidated Actions that is filed in this court or transferred to this court shall be consolidated with this action and this order shall apply to it, unless a party objecting to this order or any provision of this order files, within fourteen (14) days after the date upon which a copy of this order is served on counsel for such party, an application for relief from this order or any provision thereof and this court deems it appropriate to grant such application.

7. During the pendency of this litigation, or until further order of this court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information

and materials as computerized data and electronic mail, containing information that is relevant to or which may lead to discovery of information relevant to the claims asserted in the pending litigation.

**III. APPOINTMENT OF LEAD PLAINTIFF AND CO-LEAD COUNSEL**

8. The court appoints Herman Bomback and Jose Garcia, Jr. as Lead Plaintiff. Herman Bomback and Jose Garcia, Jr. satisfy the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

9. Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v), has selected and retained Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Pomerantz Grossman Hufford Dahlstrom & Gross LLP ("Pomerantz") as Co-Lead Counsel for the Class and Goldman Gruder & Woods, LLC as Liaison Counsel in this action.

10. Co-Lead Counsel for the Class shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

    a. to coordinate the briefing and argument of motions;

    b. to coordinate the conduct of discovery proceedings;

    c. to coordinate the examination of witnesses in depositions;

    d. to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlement negotiations with counsel for the defendants;

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    h. to supervise any other matters concerning the prosecution, resolution or settlement of the Consolidated Actions.

11. To prevent duplicative pleadings or discovery by plaintiffs, no motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

12. Co-Lead Counsel shall have the responsibility of receiving and disseminating court orders and notices.

13. The defendants shall effect service of papers on the plaintiffs by serving a copy of the papers on Co-Lead Counsel by overnight mail service or electronic or hand delivery. The plaintiffs shall effect service of papers on the defendants by serving a copy of the papers on the defendants' counsel by overnight mail service or electronic or hand delivery.

It is so ordered.

Signed this 19th day of February 2014, at Hartford, Connecticut.

                                                /s/ AWT
                                            Alvin W. Thompson
                                     United States District Judge